## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA

Civil Action No. 9:23-cv-80893-AMC

| | |
|---|---|
| ANDREW LAWSON, Individually and on behalf of others similarly situated; | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| NATIONS HEALTH GROUP, INC., | ) ) |
| Defendant. | ) |

_____

## DEFENDANT'S, NATION'S HEALTH GROUP, INC., MOTION TO DISMISS AMENDED COMPLAINT FOR FAILURE TO STATE A CAUSE OF ACTION WITH INCORPORATED MEMORANDUM OF LAW

COMES NOW the Defendant, NATIONS HEALTH GROUP, INC., by and through undersigned counsel, pursuant to pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(b)(1), and brings this motion to dismiss Plaintiff's Amended Complaint (hereinafter "Complaint"). In support hereof, Defendant states:

Fed. R. Civ. P. 12(b)(6) provides for dismissal of a complaint for "failure to state a claim upon which relief may be granted." A pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Plaintiff's allegations are insufficient to allege the stated cause of action and are inadequately set forth in vague, general, and conclusory terms.

To prevent dismissal, Plaintiff's "obligation to provide the grounds of [their] entitle[ment] to relief requires more than labels and conclusions, and a formulaic

recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)(internal citations omitted). Unless a Plaintiff has "nudged his claim across the line from conceivable to plausible," the complaint "must be dismissed." Id.

"[U]nsupported conclusions of law or of mixed fact and law have long been recognized not to prevent a Rule 12(b)(6) dismissal." *Dalrymple v. Reno*, 334 F.3d 991, 996 (11th Cir. 2003) (citations omitted). The pleading standard, "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations omitted). "The mere possibility the defendant acted unlawfully is insufficient to survive a motion to dismiss." *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1261 (11th Cir. 2009), abrogated on other grounds by *Mohamad v. Palestinian Authority*, 566 U.S. 449 (2012). Finally, "[c]onclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal." *Jackson v. BellSouth Telecommunications*, 372 F.3d 1250, 1262 (11th Cir. 2004) (citation omitted); see also *Iqbal*, 129 S. Ct. at 1949 ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions").

Plaintiff's one count Complaint is brought under the Telephone Consumer Protection Act ("TCPA"). Plaintiff alleges that he received four calls to his cell phone in

2023 (on January 5, 6, 8 and 12, respectively). [Complaint, ¶31-34]. Plaintiff improperly alleges, "[W]hile many violations are described below with specificity, <u>this Complaint alleges violations of the statutes cited in its entirety</u>." [Complaint, ¶6, emphasis supplied]. Such an allegation is in gross violation of federal pleading requirements. "To survive a 12(b)(6) motion to dismiss, the complaint does not need detailed factual allegations, . . . but must give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Randall v. Scott*, 610 F.3d 701, 705 (11th Cir. 2010). "This necessarily requires that a plaintiff include factual allegations for each essential element of his or her claim." *GeorgiaCarry.Org, Inc. v. Georgia*, 687 F.3d 1244, 1254 (11th Cir. 2012). Naturally, "[l]egal conclusions without adequate factual support are entitled to no assumption of truth." *Mamani v. Berzain*, 654 F.3d 1148, 1153 (11th Cir. 2011). The statute at issue (TCPA) contains a multitude of parts, sub-parts and sub-sub-parts. Incorporating it "in its entirety," as Plaintiff purports to do in shotgun fashion, necessarily and severely prejudices Defendant's ability to respond and defend, as well as the Court's ability to decipher the claims which Plaintiff brings. "The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Weiland v. Palm Beach Cnty. Sheriffs Office*, 792 F.3d 1313, 1323 (11th Cir. 2015). "The point [of Rule 8] is to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Harrison v. Benchmark Elecs. Huntsville, Inc*., 593 F.3d 1206, 1214 (11th Cir. 2010).

As but a single, though significant, example of the problem inherent in this pleading trap, Plaintiff's global allegation [at Complaint, ¶6] must necessarily include a claim that the subject calls to Plaintiff violated the TCPA because they were made with an "automatic telephone dialing system". 47 U.S.C. § 227(a)(1). [The term "automatic telephone dialing system" means equipment which has the capacity—(A)to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers. Id.]. However, the complaint provides no statement at all as to the type of the dialing system employed by Defendant. This is significant because Plaintiff specifically alleges, [at Complaint ¶19] that the TCPA prohibits "<u>automated</u> or prerecorded telephone calls," and [at Complaint ¶20], "the FCC issued an order tightening the restrictions for <u>automated</u> telemarketing calls." Emphasis supplied.

Such allegations are insufficient to state a cause of action for automated calls under the TCPA. The Supreme Court has expressly held that in order for a device to constitute an automatic telephone dialing system under the TCPA, it <u>must</u> have "the capacity to use a random or sequential number generator to either store or produce phone numbers to be called." *Facebook, Inc. v. Duguid*, 141 S. Ct. 1163, 1167, 1173 (2021). "In sum, Congress' definition of an autodialer requires that in all cases, whether storing or producing numbers to be called, the equipment in question must use a random or sequential number generator." *Id*. at 1170.

Plaintiff fails to allege, in any respect, that Defendant's dialing system meet these criteria. Therefore, under *Facebook, Inc. v. Duguid*, the Complaint fails to state a claim

for this TCPA violation and should be dismissed. See also, *Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1357 (11th Cir. 2018) ("[I]n a case in which a party, plaintiff or defendant, files a shotgun pleading, the district court should strike the pleading and instruct counsel to replead the case ... This is so even when the other party does not move to strike the pleading.")

As a further ground for dismissal, Plaintiff does not allege that the telephone number to which the alleged offending calls were made was a "residential" number. In fact, Plaintiff alleges that "he" is on the no-call list, rather than his number. [Complaint ¶29]. This is not a correct expression of the do not call list registration procedure.

The "do not call" regulations fall under section 64.1200(c) of the TCPA's implementing regulations, which provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government." 47 C.F.R. § 64.1200(c). It is the phone number, not the person, which is registered. See also, 47 C.F.R. § 64.1400(d)(3) (specifying "residential subscriber").

Plaintiff generally recognizes this. [Complaint ¶14]. However, Plaintiff makes no allegations that he is either a "residential" telephone subscriber, or that his subject telephone (or telephone number) meets the "residential" requirement of the Act, which is the gravamen of the TCPA. The Supreme Court has observed, "[I]n enacting the TCPA, Congress made several findings relevant here. ... In particular, Congress reported,

'[m]any consumers are outraged over the proliferation of intrusive, nuisance [telemarketing] calls to their homes.' '[A]utomated or prerecorded telephone calls' made to private residences, Congress found, were rightly regarded by recipients as 'an invasion of privacy.'" *Mims v. Arrow Fin. Servs.*, LLC, 565 U.S. 368, 371, 132 S.Ct. 740, 745 (2012)(internal quotation marks omitted). While the issue of whether a cell phone qualifies as a "residential" phone remains debated in the courts, see *Chennette v. Porch.com, Inc.*, 50 F.4th 1217, (9th Cir. 2022), *dissent*, the Complaint's complete lack of allegations to support this "residential" component of the TCPA renders the Complaint insufficient to state a cause of action.

Finally, for Plaintiff to establish standing, it is necessary that the alleged injuries be "fairly traceable to the challenged action of the defendant." *Lujan v. Defs. of Wildlife,* 504 U.S. 555, 560-1 (1992). The <u>only</u> allegations regarding the source of the subject calls are the curt and conclusory allegations found in paragraphs 31, 32, 33 and 34 of the Complaint. Defendant alleges, "[U]pon information and belief this number belongs to Defendant and/or Defendant's agent." [Complaint, ¶¶31 and 32]. In paragraph 34, Plaintiff alleges that he received a call and spoke with an unnamed "agent" of Defendant and then to a person named "Scott" (no last name). "Scott" stated he was calling on behalf of "Nation's Health Group, Inc." [Complaint, ¶34]. Plaintiff's supposition that Defendant was responsible for the calls (based only upon the unknown and insufficiently identified "Scott") is rank speculation and conclusion. There are no allegations tying Defendant to the telephone number from which the calls were placed. There are no

allegations that the "Nation's Health Group" referenced by "Scott" is the Defendant. No location or website for "Nation's Health Group" was provided. No call back number was provided. The name "Nation's Health Group" is certainly not unique and can be used by others. There are also no allegations supporting any theory of agency (actual or apparent). As such, the Complaint fails to state a cause of action against Defendant. In *Arkin v. Innocutis Holdings, LLC*, 188 F.Supp.3d 1304, 1310 (M.D. Fla. 2016), the court found that the allegations naming a particular defendant were insufficient to connect that defendant to the offending act, stating, "[P]laintiff's conclusory allegations as to Cipher are insufficient under the "on-whose-behalf" inquiry. Accordingly, Plaintiff fails to state a plausible claim that Cipher is a sender under the TCPA." Likewise, Plaintiffs' allegations here are insufficient to support Defendant's liability. As the Supreme Court has clearly said, "[N]or does a complaint suffice if it tenders 'naked assertion[s]' devoid of `further factual enhancement." *Twombly*, 550 U.S. at 557.

WHEREFORE, Defendant respectfully requests the Court enter an order dismissing the Amended Complaint.

__/s/ *Robert Pasin*_____
LAW OFFICE OF ROBERT PASIN
Attorney for Nation's Health Group, Inc.
5521 University Dr., Suite 203
Coral Springs, Florida 33067
954-345-0662
Flajur@aol.com
FBN 341312

<u>CERTIFICATE OF SERVICE</u>

I certify that on September 5, 2023, I electronically filed the foregoing Motion to Dismiss the Amended Complaint with the Clerk of Court using the CM/ECF system which will send notification of such filing to Plaintiff's counsel, Kazerouni Law Group, APC.


___/s/ *Robert Pasin*_____
LAW OFFICE OF ROBERT PASIN
Attorney for Nation's Health Group, Inc.