IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| ANDREW LAWSON, individually and on behalf of others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>NATIONS HEALTH GROUP, INC,<br><br>Defendant. | Civil Action No. 9:23-cv-80893-AMC |

**PLAINTIFF ANDREW LAWSON'S OPPOSITION TO DEFENDANT NATIONS HEALTH GROUP , INC'S MOTION TO DISMISS THE COMPLAINT FOR FAILURE TO STATE A CAUSE OF ACTION AND FOR LACK OF STANDING**

## I. INTRODUCTION

Plaintiff Andrew Lawson ("Plaintiff"), by and though undersigned counsel, hereby opposes defendant Nations Health Group, Inc's ("Defendant"), motion to dismiss Plaintiff's First Amended Complaint ("Defendant's Motion"). In a rambling pleading without any signposting, Defendant makes what appears to be four arguments in its motion to dismiss, all which lack merit.  Had Defendant attempted to meet and confer regarding these issues, this briefing could have been avoided.

1

First, Defendant argues that Plaintiff's First Amended Complaint ("FAC") is a shotgun pleading. It is not a shotgun pleading because Plaintiff's allegations are specific as to the facts and law provided. However, if the Court believes it is a shotgun pleading, Plaintiff requests leave to amend the FAC to address the issue.

Second, Defendant argues that Plaintiff did not allege the use of an automatic telephone dialing system ("ATDS") pursuant to 47 U.S.C. 227(b). However, Plaintiff does not allege a violation of 47 U.S.C. 227(b). Instead, Plaintiff alleges only a violation of 47 U.S.C. 227(c), which does not require the use of an ATDS. Thus, Defendant's argument to dismiss a claim that was not pled is moot.

Third, Defendant argues that Plaintiff has not explicitly stated that Plaintiff's phone number is used for residential purposes. It is not required to be pled, and even if it was, it is inferred that Plaintiff used it for residential purposes because it was registered on the national do-not-call registry.

Finally, Defendant argues that Plaintiff's harm is not fairly traceable to Defendant under Article III. Plaintiff's allegations sufficiently allege the harm was caused by Defendant.

Thus, the Court should deny Defendant's Motion in its entirety.

## II.   LEGAL STANDARD

Rule 12(b)(6) allows for dismissal of a case when the complaint "fail[s] to state a claim upon which relief may be granted." Fed. R. Civ. P. 12(b)(6). When evaluating a Rule 12(b)(6) motion, the court must take the facts alleged in the complaint as true and construe them in the light most favorable to the plaintiff. *Resnick v. AvMed, Inc.,* 693 F.3d 1317, 1321-22 (11th Cir. 2012). To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868

(2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)).

### III.  STATEMENT OF FACTS

Plaintiff has been on the National Do Not Call Registry since August 16, 2008. *See* Plaintiff's FAC ¶ 29. As a business, Defendant is required to check the National Do Not Call Registry before attempting to call under 47 U.S.C. § 227(c)(3)(F). FAC ¶ 30. On or around January 5, 2023, Plaintiff received a phone call from the phone number (864) 550-1493. FAC ¶ 31. Plaintiff rejected this call as he was confused as to who was calling. *Id.* On or around January 6, 2023, Plaintiff received another call from the same number which Plaintiff answered to let Defendant know he was not interested. FAC ¶ 32. On or around January 8, 2023, Plaintiff received a call from (864) 550-1432, which Plaintiff rejected. FAC ¶ 33. On or around January 12, 2023, Plaintiff received another call from (864) 550-1432. FAC ¶ 34. Plaintiff answered and an agent of Defendant's attempted to sell him health insurance. *Id.* Plaintiff was then transferred to a "Scott" who gave the calling company's name as "Nation's Health Group, Inc." *Id.*

### IV.  ARGUMENT

#### A. Plaintiff's FAC is Not a Shotgun Pleading

The *Weiland* court describes the four different types of pleadings that can be considered a shotgun pleading in the Eleventh Circuit:

> Though the groupings cannot be too finely drawn, we have identified four rough types or categories of shotgun pleadings. The most common type — by a long shot — is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the

3

> last count to be a combination of the entire complaint. The next most common type, at least as far as our published opinions on the subject reflect, is a complaint that does not commit the mortal sin of re-alleging all preceding counts but is guilty of the venial sin of being replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action. The third type of shotgun pleading is one that commits the sin of not separating into a different count each cause of action or claim for relief. Fourth, and finally, there is the relatively rare sin of asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against. The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests.

*Weiland v. Palm Beach County Sheriff's Office*, 792 F.3d 1313 (11th Cir. 2015).

Plaintiff's FAC does not fit into any of the four categories described in *Weiland*. Plaintiff's FAC only contains one claim, so it could not possibly fit into the first and third categories. There is only one defendant listed in Plaintiff's FAC, so the fourth category of "shotgun" pleadings does not apply to Plaintiff's FAC either. That leaves only the second type of shotgun pleading, which relates to pleadings that are "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." *Id.*

In Defendant's Motion, it only provides one example to support its argument that the pleading is a shotgun pleading. However, the example bleeds into its second argument regarding the failure to plead an ATDS. Specifically, Defendant indicates that Plaintiff has failed to plead the use of an ATDS by Defendant. It is unclear whether this argument is relating to its argument referring to a shotgun pleading, its argument relating to the failure to plead sufficient facts, or as to both. Regardless,

4

this argument is meritless because Plaintiff has not made a claim under 47 U.S.C. 227(b), which requires the use of an ATDS or prerecorded voice by a defendant. Instead, Plaintiff's FAC only includes a claim under 47 U.S.C. 227(c), which does not require the use of an ATDS by Defendant. Specifically, Plaintiff pleads in the FAC that Defendant made two or more non-emergency telephone calls to the phone of Plaintiff within a 12-month period more than 30 days after Plaintiff registered on the national do-not-call registry. FAC ¶¶ 32-34. To the extent the Court believes that a claim under 47 U.S.C. 227(b) has been made, Plaintiff agrees to dismiss that claim only.

### B. Plaintiff Has Not Pled Any Claims Requiring an ATDS

"Section 227(c)(5) provides a private right of action to "[a] person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection[.]" 47 U.S.C. § 227(c)(5). Thus, to state a claim under section 227(c)(5) of the TCPA, Plaintiff must allege that she received more than one call within a year, by or on behalf of Defendant, and in violation of a Federal Communications Commission (FCC) regulation prescribed under the TCPA. *See Nece v. Quicken Loans, Inc.*, No. 8:16-cv-2605-T-23TBM, 2017 WL 2865047, at *1 (M.D. Fla. Jan. 3, 2017)." *Brown v. Funding,* No. 8:22-cv-2408-VMC-JSS, 2023 U.S. Dist. LEXIS 60879, at *5-6 (M.D. Fla. Apr. 6, 2023).

Again, Defendant's argument regarding the failure to plead an ATDS is meritless because Plaintiff has not pled a claim that requires an ATDS. Instead, Plaintiff pled only one claim under 47 U.S.C. § 227(c)(5), which does not require the use of an ATDS. Plaintiff directs the Court to the argument above for further analysis.

### C. Plaintiff is Not Required to Plead that the Phone Number At Issue is Used for Residential Purposes

5

"We will presume wireless subscribers who ask to be put on the national do-not-call list to be 'residential subscribers." *In Re Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 18 F.C.C. Rcd. 14014, 14039 (2003).

Here, Plaintiff alleges that Plaintiff's phone number was on the national do-not-call registry since August 16, 2008. FAC ¶ 29. Defendant argues that Plaintiff's FAC is deficient because Plaintiff does not plead that the number called was used for residential purposes. However, it is presumed that Plaintiff is a residential subscriber. *See Id*. If the Court believes the pleading is deficient because of the lack of this allegation, Plaintiff requests leave to amend to include an allegation, which would be a simple addition and would not substantially alter the pleadings or prejudice the Defendant in any way.

### D. Plaintiff's Harm is Fairly Traceable to Defendant

"Following Lujan, [courts in the 11th circuit have] said that "an injury is not fairly traceable to the actions of a defendant if caused by the 'independent action of some third party not before the court' and likewise a controversy is not justiciable when a plaintiff independently caused his own injury." *Swann v. Secretary*, 668 F.3d 1285, 1288 (11th Cir. 2012) (quoting *Lujan*, 504 U.S. at 560, 112 S.Ct. 2130 ). We've made it clear that the traceability requirement is less stringent than proximate cause: "[e]ven a showing that a plaintiff's injury is indirectly caused by a defendant's actions satisfies the fairly traceable requirement." *Resnick v. AvMed, Inc.*, 693 F.3d 1317, 1324 (11th Cir. 2012). Thus, "for standing purposes [a plaintiff] is not required to prove causation beyond a reasonable doubt or by clear and convincing evidence." *Focus on the Family v. Pinellas Suncoast Transit Auth.*, 344 F.3d 1263, 1273 (11th Cir. 2003) (emphasis omitted)."*Cordoba v. DIRECTV, LLC*, 942 F.3d 1259, 1271 (11th Cir. 2019).

6

Here, Plaintiff has pled facts that show Defendant and/or Defendant's agent were the cause of the unwanted phone calls. On one of the calls, Plaintiff specifically spoke to an agent who named Defendant as the company who was calling. FAC ¶ 34. This call came from the same phone number that had previously called Plaintiff on multiple occasions. FAC ¶¶ 32-33. Therefore, the harm is traceable to Defendant, and Plaintiff satisfies this element.

## V. In the Event the Court Believes The Allegations are Deficient, Plaintiff Requests Leave to Amend

Rule 15(a)(2) provides that "a party may amend its pleadings only with the opposing party's written consent or the court's leave." Fed. R. Civ. P 15(a)(2)). The Rule goes on to state that "[t]he court should freely give leave when justice so requires." *Id.* The Supreme Court in *Foman v. Davis* stated: In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc.—the leave sought should, as the rules require, be "freely given." *Id.* (citing *Foman v. Davis,* 371 U.S. 178, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962)).

Here, the facts show that at a very minimum, Plaintiff can (assuming Plaintiff has not adequately done so already) plead claims for violations of the TCPA. Plaintiff respectfully requests leave to amend Plaintiff's claims to satisfy any perceived deficiencies by the Court, if any exist. Such circumstances are the norm when it appears that a plaintiff has a viable cause of action, but for one reason or the other, a court finds that such a cause of action was inadequately pled. *Id.*

## VI. CONCLUSION

As discussed significantly herein, Plaintiff has sufficiently pled violations of

the TCPA by Defendant. If the Court believes Plaintiff's Complaint is deficient for any reason, Plaintiff requests leave to amend. For the reasons discussed above, Plaintiff requests that the Court deny Defendant's Motion to Dismiss.

BY: /s/ *Ryan L. McBride*
Ryan L. McBride, Esq.
TRIAL COUNSEL FOR PLAINTIFF

Ryan L. McBride
Florida State Bar No. 1010101
**Kazerouni Law Group, APC**
301 E. Bethany Home Road
Suite C-195
Phoenix, AZ 85012
Telephone: (800) 400-6808
Facsimile: (800) 520-5523
ryan@kazlg.com

8