IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Civil Action No. 9:23-cv-80893-AMC

ANDREW LAWSON, Individually and )
on behalf of others similarly situated; )
                                        )
        Plaintiff,                      )
                                        )
v.                                      )
                                        )
NATIONS HEALTH GROUP, INC.,             )
                                        )
        Defendant.                      )
_____

**DEFENDANT'S, NATION'S HEALTH GROUP, INC., REPLY TO PLAINTIFF'S RESPONSE (OPPOSITION) TO DEFENDANT'S MOTION TO DISMISS AMENDED COMPLAINT**

COMES NOW the Defendant, NATIONS HEALTH GROUP, INC., by and through undersigned counsel, and Replies to Plaintiff's Response ("Opposition") to Defendant's Motion to Dismiss Plaintiff's Amended Complaint (hereinafter "Complaint"). In support hereof, Defendant states:

a) Plaintiff's Response ignores his own complaint, as well as the point made in Defendant's motion. Plaintiff first alleges, "[T]his is a putative class action pursuant to the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq., (the "TCPA"). [Complaint, ¶2]. Obviously, that allegation invokes the entire Act. Then, the complaint expressly, and expansively, alleges, "[W]hile many violations are described below with specificity, this Complaint alleges violations of the statutes cited in its entirety." [Complaint, ¶6]. Emphasis supplied. This statement first indicates that there are "many"

claims Plaintiff intends to present, within those Plaintiff believes he described with specificity in the Complaint. Second, the statement clearly demonstrates that Plaintiff has other claims, in addition to those more specifically alleged in the Complaint. Plaintiff has alleged violations under <u>all</u> sections of the TCPA. Plaintiff's statement that, "Plaintiff alleges only a violation of 47 U.S.C. 227(c)," [Response, p.2], is inaccurate. Plaintiff's own express words are that he has alleged violations of the TCPA "in its entirety." Plaintiff may ignore his own allegations, but Defendant would be foolish to do so.

Defendant has a right to be apprised of those specific sections of the Act which he is being accused of violating in order to frame a proper response and prepare for trial. The Complaint, as alleged, fails to do so on its face and is improper. It must be remembered that a complaint is required to present a "short and plain statement showing that the plaintiff is entitled to relief." Fed. R. Civ. P. 8(a). "The point [of Rule 8] is to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Harrison v. Benchmark Elecs. Huntsville, Inc*., 593 F.3d 1206, 1214 (11th Cir. 2010).

Plaintiff's invocation of the "entire" statute meets the classic definition of a "shotgun pleading." "The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1322 (11th Cir. 2015). Accord, *Sledge v. Goodyear Dunlop Tires N. Am., Ltd.*, 275 F.3d 1014, 1018 n. 8

(11th Cir.2001) ("The failure of the plaintiff to identify his claims with sufficient clarity to enable the defendant to frame a [responsive] pleading constitutes shotgun pleading.").

Consequently, despite arguing otherwise, Plaintiff has, in fact, alleged a violation of 47 U.S.C. 227(b). That is why, purely an example of the myriad claims included within Plaintiff's shotgun pleading, Defendant addressed that particular section in its motion to dismiss amended complaint.

b)   Plaintiff asks the Court to excuse his failure to allege that the phone number which is at the center of his complaint was a "residential" number. The residential component of the protections afforded by the TCPA is critical. Plaintiff's failure to even mention this fact renders the complaint ineffective to state a TCPA claim. The missing allegation cannot be "inferred" into the complaint as Plaintiff suggests. It must be pled. See *Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002) (noting, on review of the dismissal of a complaint for failure to state a claim, that while the plaintiff's factual allegations are accepted as true, "conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal."). In this case, the allegation is missing altogether.

c)   Plaintiff's allegations respecting standing are insufficient. The allegations are premised upon "information and belief." [Complaint, ¶¶31, 32]. When allegations are based upon "information and belief," courts need not accept them as true upon a motion to dismiss. See *Mann v. Palmer*, 713 F.3d 1306, 1315 (11th Cir. 2013) ("we do not have to take as true [] allegations 'upon information and belief,'" citing *Bell Atlantic*

3

*Corp. v. Twombly*, 550 U.S. 544, 551, 557, 127 S.Ct. 1955, 1962-63, 1966, 167 L.Ed.2d 929 (2007) (declining to take as true the conclusory allegation "upon information and belief" that the companies had entered a conspiracy without enough facts to make that statement plausible).

WHEREFORE, Defendant respectfully requests that the Court enter an order dismissing the Amended Complaint.

      __/s/ *Robert Pasin*_____
LAW OFFICE OF ROBERT PASIN
Attorney for Nation's Health Group, Inc.
5521 University Dr., Suite 203
Coral Springs, Florida 33067
954-345-0662
Flajur@aol.com
FBN 341312

CERTIFICATE OF SERVICE

I certify that on September 25, 2023, I electronically filed the foregoing Motion to Dismiss with the Clerk of Court using the CM/ECF system which will send notification of such filing to Plaintiff's counsel, Kazerouni Law Group, APC.

      __/s/ *Robert Pasin*_____
LAW OFFICE OF ROBERT PASIN
Attorney for Nation's Health Group, Inc.