UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:  23-cv-80893-CANNON/REINHART

ANDREW LAWSON,

        Plaintiff,

vs.

NATIONS HEALTH GROUP, INC.,

        Defendant.

_____/

## REPORT AND RECOMMENDATION REGARDING DEFENDANT'S MOTION TO DISMISS [ECF No. 17]

Plaintiff, Andrew Lawson alleges that Nation's Health Group Inc. violated the Telephone Consumer Protection Act by "mak[ing] non-emergency calls to Mr. Lawson and the other members of the Class" without their consent. ECF No. 14 at p. 16–17. Judge Cannon previously dismissed Mr. Lawson's First Amended Complaint as a shotgun pleading with the following instructions:

> Any future pleading must specifically identify exactly what portion, or portions, of the TCPA form part of Plaintiff's claim, including the particular regulatory provisions implicated, and avoid broad incorporation of the entire TCPA or other confusing background allegations. The same holds true for any class allegations, which must correspond to the specific legal claim being asserted.
>
> …
>
> If Plaintiff has a claim against Defendant for violating section 227(c)(5), then Plaintiff must specify the basic nature of the "residential telephone subscriber" at issue, using clear and direct allegations regarding the

> residential telephone number implicated and any relevant do-not-call-registry information associated with that specific phone number.

ECF No. 13. Nation's Health now moves to dismiss Mr. Lawson's Second Amended Complaint ("SAC") with prejudice for failure to state a claim. Specifically, Nation's Health says the SAC fails to comply with Judge Cannon's instructions on Section 227(c)(5) of the TCPA. ECF No. 17 at 2–4. I have reviewed the Motion, and the Response. ECF Nos. 17–18. For the reasons stated below, I RECOMMEND Defendant's Motion be GRANTED.

The Second Amended Complaint contains the following well-pled facts[1]:

(1) Plaintiff has been on the National Do Not Call Registry since approximately August 16, 2008.

(2) Plaintiff uses Plaintiff's phone for residential purposes including calling friends and family.

(3) Defendant is required to check the National Do Not Call Registry before attempting to call.

(4) On or around January 5, 2023, Plaintiff received an autodialed phone call from the phone number (864) 550-1493.

(5) On or around January 6, 2023, Plaintiff received an autodialed call from (864) 550-1432. Plaintiff answered this call and let Defendant know he was not interested.

(6) On or around January 8, 2023, Plaintiff received another autodialed call from (864) 550-1432. Plaintiff rejected this call.

---

[1] Plaintiff makes several allegations "upon information and belief." These kind of conclusory allegations are not entitled to a presumption of truth because allegations stated upon information and belief that do not contain any factual support fail to meet the plausibility pleading standard. *United Am. Corp. v. Bitmain*, Inc., 530 F. Supp. 3d 1241 (S.D. Fla. 2021). Therefore, for purposes of the issues before me, I do not consider Plaintiff's "information and belief" allegations.

(7) On or around January 12, 2023, Plaintiff received an autodialed call from (864) 550-1432. Plaintiff answered and an agent of Defendant's attempted to sell him health insurance. Plaintiff was then transferred to a "Scott" who gave the company name as "Nation's Health Group, Inc."

(8) Defendant did not have prior express consent to call the cellphones of Plaintiff and the other members of the putative class when its calls were made

ECF No. 14 ¶¶29–35, 57.

## I. LEGAL PRINCIPLES

1. <u>Motion to Dismiss</u>

A pleading in a civil action must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While a claim "does not need detailed factual allegations," it must provide "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007); *see Ashcroft v. Iqbal,* 556 U. S. 662, 678 (2009) (explaining that the Rule 8(a)(2) pleading standard "demands more than an unadorned, the defendant-unlawfully-harmed-me accusation"). Nor can a claim rest on "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal,* 556 U. S. at 678 (*quoting Twombly*, 550 U. S. at 557 (alteration in original)).

On a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must view the well-pled factual allegations in a claim in the light most favorable to the non-moving party. *Dusek v. JPMorgan Chase & Co.*, 832 F.3d 1243, 1246 (11th Cir. 2016). Viewed in that manner, the factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the

3

allegations in the claim are true (even if doubtful in fact). *Twombly*, 550 U. S. at 555 (citations omitted). The Supreme Court has emphasized that "[t]o survive a motion to dismiss a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 570. In addition, "courts may infer from factual allegations in the complaint obvious alternative explanations, which suggest lawful conduct rather than the unlawful conduct that plaintiff would ask the court to infer." *Am. Dental Assoc. v. Cigna Corp.*, 605 F. 3d 1283, 1290 (11th Cir. 2010) (citing *Iqbal,* 556 U. S. at 682). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Iqbal,* 556 U. S. at 678 (quoting *Twombly,* 550 U. S. at 557). When evaluating a motion to dismiss under Rule 12(b)(6):

> [A] court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Iqbal,* 556 U. S. at 679. Factually unsupported allegations based "on information and belief" are not entitled to the assumption of truth. *See Scott v. Experian Info. Sols., Inc.*, 2018 WL 3360754, at *6 (S.D. Fla. June 29, 2018) ("Conclusory allegations made upon information and belief are not entitled to a presumption of truth, and allegations stated upon information and belief that do not contain any factual support fail to meet the *Twombly* standard.").

4

With limited exceptions, the Court looks only to the allegations in the complaint, any documents appended to the complaint or incorporated by reference into it, and any judicially-noticed facts. *Reed v. Royal Caribbean Cruises Ltd.,* No. 20-cv-24979, 2022 WL 3027906, at *6 (S.D. Fla. Aug. 1, 2022). The Court also may consider other documents whose authenticity is undisputed, and which are central to the claims in this matter. *Day v. Taylor*, 400 F. 3d 1272, 1276 (11th Cir. 2005).

2. <u>Telephone Consumer Protection Act</u>

To state a claim for violation of 47 U.S.C. § 227(c)(5), a plaintiff must allege, (1) receipt of more than one telephone call within any 12-month period, (2) by or on behalf of the same entity, (3) in violation of the regulations promulgated by the Federal Communications Commission (FCC). 47 U.S.C. § 227(c)(5).

Title 47, C.F.R., Section 64.1200(d) says "no person or entity shall initiate any [] call [] for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity." 47 C.F.R. § 64.1200(d). Section 64.1200(d) lists the "minimum standards for procedures, which includes honoring a telephone subscriber's request to be placed on the do-not-call-request within 30 days from the date the request is made." 47 C.F.R. § 64.1200(d)(3).

In 2003, the FCC issued an order ruling that wireless telephone numbers may participate in the national do-not-call registry and held that "wireless subscribers who ask to be put on the national do-not-call list [are to be considered] 'residential

5

subscribers.'" *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, Memorandum Opinion and Order, 18 FCC Rcd. 14014, 14039, para. 36 (2003). The 2003 FCC order notes that this presumption applies only to section 227 of the TCPA. *See Id*. at 14039 n.139. But the subscribers do not register their names with the Do Not Call Registry, they register their specific numbers. *Id*. at 12. In fact, the FCC reiterated that telemarketers will *not* be given names or addresses, just the numbers registered. *Id.*

In the Eleventh Circuit, allegations that a cellphone number is "used for residential and personal purposes" or that a cellphone number is "not associated with a business and is for personal use" coupled with the TCPA's presumption that "wireless subscribers who ask to be put on the national do-not-call list [are] residential subscribers" have been sufficient to plausibly allege that Plaintiff is a residential telephone subscriber under the TCPA. *Radvansky v. Kendo Holdings, Inc*., No. 3:23-CV-214, 2024 WL 3811996 (N.D. Ga. Aug. 13, 2024); *Taylor v. LeadPoint, Inc.*, No. 8:23-CV-470, 2023 WL 4545166 (M.D. Fla. July 14, 2023) (quoting *Becker v. Pro Custom Solar LLC*, No. 219-CV-535FTM29NPM, 2020 WL 474647 (M.D. Fla. Jan. 29, 2020)).

## II.   DISCUSSION

Nation's Health says Mr. Lawson has not plausibly alleged that he is a residential subscriber within the meaning of Section 227(c). Mr. Lawson responds that for purposes of Section 227(c)(5), the FCC only requires that he plead he is a wireless subscriber that asked to be put on the National Do Not Call Registry. ECF

6

No. 18 at 3. But Mr. Lawson's Amended Complaint fails to plausibly allege enough facts to reach the FCC's presumption. Yes, Mr. Lawson says *he* has been on the National Do Not Call Registry since 2008, but his name is not relevant in implicating the TCPA and the FCC, rather it is his phone *number*. And even viewed in the light most favorable to him, Mr. Lawson fails to plausibly allege which wireless *number* received the unwanted calls, and whether that *number* was registered with the National Do Not Call Registry.

Additionally, Judge Cannon's Order instructed Mr. Lawson to "use clear and direct allegations regarding the residential telephone number implicated and any relevant do-not-call registry information associated with that specific phone number." ECF No. 13. And Nation's Health is correct, Mr. Lawson has failed to do so.

## REPORT AND RECOMMENDATION

For these reasons, this Court **RECOMMENDS** that the District Court grant Defendant's Motion to Dismiss.

## NOTICE OF RIGHT TO OBJECT

A party shall serve and file written objections, if any, to this Report and Recommendation with the Honorable Aileen M. Cannon, United States District Court Judge for the Southern District of Florida, within **FOURTEEN (14) DAYS** of being served with a copy of this Report and Recommendation. Failure to timely file objections shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016).

**If counsel do not intend to file objections, they shall file a notice advising the District Court within FIVE DAYS of this Report and Recommendation.**

**DONE and SUBMITTED** in Chambers at West Palm Beach, Palm Beach County, in the Southern District of Florida, this 11th day of December 2024.

_____
BRUCE E. REINHART
UNITED STATES MAGISTRATE JUDGE